IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JASON YOST,**
**Claimant Below, Petitioner**

**FILED**
**July 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-14**   (JCN: 2023011395)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Jason Yost appeals the December 14, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent ACNR Resources, Inc.,[1] ("ACNR") filed a response.[2] Mr. Yost filed a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which denied authorization for a right knee arthroscopic surgery and closed the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 6, 2022, Mr. Yost injured his right knee when he stepped in a hole, twisted his knee, and it popped. Mr. Yost was seen at Reynolds Memorial Hospital ER on the same day for his right knee injury. Mr. Yost reported that he heard a pop in his right knee and felt like he could not bear weight. Mr. Yost also reported that he had a history of

---

[1] For reasons not readily apparent in the appendix record, the Petitioner has substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, 247 W. Va. 367, 369 n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] Mr. Yost is represented by Sandra K. Law, Esq. ACNR is represented by Aimee M. Stern, Esq.

a torn meniscus, and that he wears a brace on his knee because of the previous meniscal tear. Mr. Yost's diagnosis was sprain of the lateral collateral ligament of the right knee.

Mr. Yost completed an Employees' and Physicians' Report of Occupational Injury or Disease dated December 6, 2022; the physicians' section of the form was incomplete. An Employer's Report of Injury dated December 7, 2022, indicated that Mr. Yost injured his right knee on December 6, 2022, and the nature of the injury was sprain/strain. The claim administrator issued an order dated December 15, 2022, holding the claim compensable for sprain of the lateral collateral ligament of the right knee.

On December 16, 2022, Mr. Yost was seen by Dante Marra, M.D., for a right knee injury. Dr. Marra noted that Mr. Yost had a previous right knee arthroscopy for a meniscus tear. Mr. Yost reported that he had been icing his knee and using a crutch. The assessment was right knee sprain with mild degenerative joint disease. Mr. Yost reported that he had knee injections in the past, which did not help. Dr. Marra referred Mr. Yost for physical therapy and requested a right knee MRI. Mr. Yost underwent a right knee MRI on December 30, 2022, revealing a tear involving the medial meniscus, a possible tear involving the lateral meniscus, and mild degenerative changes. Mr. Yost started physical therapy at Ohio Valley Sports & Physical Therapy on January 11, 2023, which continued through June 2, 2023.

Mr. Yost followed up with Dr. Marra on January 17, 2023. Mr. Yost reported continued complaints of right knee pain, that he continued to have discomfort, and that he was undergoing physical therapy. Upon examination, Mr. Yost had some medial and lateral joint tenderness, but no gross ligamentous instability. Dr. Marra opined that the December 30, 2022, MRI showed a probable small degenerative tear of the lateral meniscus, probably intrasubstance. Dr. Marra indicated to Mr. Yost that the treatment options were living with the situation or possibly viscosupplementation injections.

On February 16, 2023, Mr. Yost was evaluated by Prasadarao Mukkamala, M.D. Mr. Yost reported that he was receiving physical therapy three times a week and it had helped him. Mr. Yost further reported that he reinjured his right knee at home two weeks prior when he stood up and it popped. Mr. Yost indicated that he had a prior right knee injury in 2000 when he had a torn meniscus and underwent arthroscopic surgery. Dr. Mukkamala assessed a sprain of the right knee with evidence of intrasubstance degeneration of the meniscus. Dr. Mukkamala opined that the intrasubstance degeneration of the meniscus was preexisting and not causally related to the compensable injury of December 6, 2022. Dr. Mukkamala found that Mr. Yost was at maximum medical improvement ("MMI") for the compensable right knee sprain. However, Dr. Mukkamala recommended approval of one or two viscosupplementation injections, but no further treatment after that. He stated that any further treatment after one or two injections would be to address the noncompensable degenerative condition.

2

Mr. Yost followed up with Dr. Marra again on February 17, 2023. Mr. Yost reported continued right knee pain. Upon examination, Mr. Yost had medial and lateral joint tenderness. Dr. Marra recommended a right knee steroid injection and a right knee viscosupplementation injection. Dr. Marra also recommended surgery. The claim administrator issued an order dated February 17, 2023, authorizing Dr. Marra's request for right knee steroid injection using ultrasound guidance. On February 22, 2023, the claim administrator issued an order authorizing right knee viscosupplementation injections based on Dr. Mukkamala's report.

On July 20, 2023, Mr. Yost was seen by Jeffrey Abbott, D.O., for a second opinion regarding his right knee injury. Dr. Abbott reviewed the right knee MRI of December 30, 2022, and noted that it showed a tear involving the medial meniscus, what appeared to be a tear involving the lateral meniscus, and mild degenerative changes. Dr. Abbott assessed acute lateral meniscus tear of the right knee and primary osteoarthritis of the right knee. Dr. Abbott opined that Mr. Yost would benefit from arthroscopy to relieve his symptoms.

On May 2, 2023, the claim administrator issued an order denying authorization for a right knee arthroscopic surgery and suspending TTD benefits on the basis that Dr. Marra's April 28, 2023, medical records indicated treatment for a non-work-related condition. On June 12, 2023, the claim administrator issued an order closing the claim for TTD benefits. Mr. Yost protested these orders. On December 14, 2023, the Board affirmed the claim administrator's orders. The Board found that Mr. Yost failed to establish with medical evidence that right knee arthroscopic surgery is reasonable and necessary treatment for the compensable condition. The Board further found that the claim was properly closed for TTD benefits because Mr. Yost had been found to be at MMI for his compensable diagnosis. Mr. Yost now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, Mr. Yost argues that although the initial compensable diagnosis in the instant claim was a right knee sprain, the evidence indicates that he also suffered a right knee meniscal tear, thus, that diagnosis should also be held compensable. Mr. Yost further argues that the evidence shows no prior history of complaints or treatment related to his right knee since his knee surgery in 2000, which indicates that the meniscal tear was related to the compensable injury. Finally, Mr. Yost argues that due to the progressive nature of knee injury treatment, the requested surgery is an appropriate treatment for right knee sprain. We disagree.

The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* West Virginia Code § 23-4-3 (2005) and West Virginia Code of State Rules § 85-20 (2006).

Here, the Board determined that Mr. Yost failed to establish with medical evidence that a right knee arthroscopic surgery is reasonable and necessary treatment for the compensable condition, a right knee sprain. The Board noted that both Dr. Marra and Dr. Mukkamala indicated that Mr. Yost's right knee meniscal tear was degenerative rather than as a result of an occupational injury and, further, that the right knee meniscal tear had not been added to the claim as a compensable condition. Thus, the Board found that right knee arthroscopic surgery was being requested for a noncompensable condition rather than the compensable right knee sprain. In regard to TTD benefits, the Board noted that the evidence showed that Mr. Yost was continuing to receive treatment but found that he failed to meet his burden of establishing that he remained temporarily and totally disabled as a result of the compensable injury.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Yost failed to establish that a right knee arthroscopic surgery is reasonable and necessary treatment for his compensable right knee sprain based on the medical evidence. We note that the surgery appears to have been requested to treat a right knee meniscus tear, which is not currently a compensable condition in the instant claim. We also note that it does not appear from the record that Mr. Yost has formally requested the addition of right knee meniscal tear as a compensable condition in this claim, thus, the condition cannot be held compensable. Further, we find that the Board was not clearly wrong in determining that the closure of the claim for TTD benefits was proper based on Dr. Mukkamala's finding that Mr. Yost was at MMI for his compensable right knee sprain.

Accordingly, we affirm the Board's December 14, 2023, order.

Affirmed.

4

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear